```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT

UNITED STATES OF AMERICA    :
                            :
     v.                     :         Case No. 2:00-cr-119-1
                            :
STEPHEN AGUIAR              :
```

**OPINION AND ORDER**

Defendant Stephen Aguiar, proceeding *pro se*, has filed several motions relative to his 2001 conviction for possession of heroin with intent to distribute. His most recent filing is a petition for habeas corpus pursuant to 28 U.S.C. § 2255. Although Aguiar is no longer serving the sentence imposed in 2001, he claims a right to post-conviction relief because his 2001 conviction enhanced a subsequent federal sentence imposed in 2011. Aguiar is currently serving the 2011 sentence. For the reasons set forth below, Aguiar's pending motions are denied.

**Factual and Procedural Background**

Aguiar's habeas corpus petition alleges that when he was young, he suffered a traumatic brain injury (TBI). He claims that his TBI resulted in mental health conditions which, in turn, led to his many arrests and convictions in both the state and federal courts.

Aguiar has been convicted of over twenty state criminal offenses dating back to the mid-1980s. The offenses ranged from petit larceny to burglary and sale of a narcotic. *See* ECF No.

102-1. On January 22, 2023, the Vermont Superior Court expunged those convictions. *Id*. The court did not state the reason for the expungements.

Aguiar's federal convictions include a 1995 conviction for stealing a firearm and distribution of morphine. *See United States v. Aguiar*, Case No. 2:94-cr-65-wks (*Aguiar I*). Approximately 18 years after his conviction, and long after he completed his sentence, Aguiar petitioned the Court for a writ of error coram nobis. His petition cited, among other things, counsel's alleged failure to pursue a diminished capacity defense. The Court denied the motion, concluding that Aguiar had presented no sound reason for his substantial delay in seeking relief. The Court also found that, even assuming timeliness, Aguiar had failed to show prejudice resulting from counsel's representation given the extensive evidence of his culpability, and the lack of evidence to support his contention that a diminished capacity defense would have succeeded. In a mandate issued March 18, 2025, the United States Court of Appeals for the Second Circuit affirmed this Court's denial of the coram nobis petition, as well as its denial of a subsequent motion for reconsideration.

In 2001, Aguiar was convicted in this Court after pleading guilty to possession with intent to distribute heroin as a

2

person with a prior drug felony. *See United States v. Aguiar*, Case No. 2:00-cr-119-wks (*Aguiar II*). The Court sentenced him to a term of 92 months in prison, to be followed by a six-year term of supervised release. In 2011, the Court sentenced him to an additional 36 months in prison, to be served concurrent to a third federal sentence discussed below, for violating the terms of his supervised release.

In 2014, Aguiar filed a petition for writ of coram nobis in *Aguiar II*, arguing in part that the government failed to file a Section 851 information and that his attorney's advice about the possibility of a life sentence was therefore inaccurate. Aguiar conceded that, when he filed his petition, his sentence had expired. The Court denied the coram nobis petition, concluding that the filing was untimely and that Aguiar had failed to show prejudice resulting from the alleged ineffective assistance of counsel. The Court also denied Aguiar's motion for reconsideration. In a mandate issued on March 16, 2018, the Second Circuit dismissed Aguiar's appeal.

Prior to the Second Circuit's issuance of its mandate on the *Aguiar II* coram nobis petition, Aguiar filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. The habeas corpus petition raised some of the same arguments asserted in the coram nobis petition, with additional arguments relating to

questions of timeliness and actual innocence. The Magistrate Judge issued a Report and Recommendation recommending denial of the habeas corpus petition as untimely and unsupported by the record. The Court adopted the Report and Recommendation and subsequently denied Aguiar's motion for reconsideration. In a mandate issued on September 1, 2023, the Second Circuit dismissed Aguiar's appeal on the habeas corpus petition as moot because he had fully served his sentence on the supervised release revocation. The Second Circuit also affirmed the Court's ruling on the timeliness of Aguiar's challenge to his 2001 conviction.

On April 11, 2011, following a federal jury trial, Aguiar was convicted on multiple counts flowing from a conspiracy to possess and distribute cocaine and heroin. *See United States v. Aguiar*, Case No. 2:09-cr-90-wks (*Aguiar III*). The Court sentenced Aguiar to 360 months on each count, to run concurrently, followed by ten years of supervised release. Aguiar appealed, arguing primarily that the warrantless placement of a GPS device on his vehicles constituted unlawful searches under the Fourth Amendment. In 2014, the Second Circuit affirmed his conviction, and Aguiar is currently serving that 360-month sentence.

In 2015, Aguiar filed a petition for writ of habeas corpus

4

in *Aguiar III* arguing ineffective assistance of counsel, as well as a series of related motions. In a 79-page Report and Recommendation, the Magistrate Judge analyzed each of Aguiar's arguments, including a supplemental claim under *Brady v. Maryland*, and recommended denial of the petition. This Court adopted the Report and Recommendation, noting defense counsel's zealous advocacy during the 11-day trial and the overwhelming evidence supporting the conviction. In a mandate issued on September 11, 2017, the Second Circuit affirmed the Court's ruling. The Second Circuit also subsequently dismissed Aguiar's appeals of this Court's rulings on his motions for post-judgment relief under Federal Rules of Civil Procedure 60(b) and 59(e).

In the instant case (*Aguiar II*), Aguiar has now filed a series of motions relating primarily to the 2023 expungement of a host of his state court convictions. The first such motion asks the Court to order a new Presentence Report ("PSR"), citing the expunged convictions and the previously adjudicated claim regarding the lack of a Section 851 information. ECF No. 102. The next pending motion asks the Court for resentencing, citing both the expunged convictions and legal documents Aguiar reportedly obtained from his defense attorney in 2022. ECF No. 108. Aguiar subsequently filed a second motion to amend his sentence, while also requesting the appointment of counsel and

release on bail. ECF No. 109. Aguiar next moved for the Court's recusal. ECF No. 111. Most recently, Aguiar filed a petition for writ of habeas corpus seeking relief on various grounds, including the expunged convictions. ECF No. 112. He filed an identical petition in *Aguiar III*. *See id.* at 1.

Aguiar claims that the Second Circuit authorized his renewed post-conviction challenges in its most recent mandate. On October 29, 2024, the Second Circuit issued a mandate noting that Aguiar had moved for leave to file a successive Section 2255 motion and construed the motion as attacking both the 2001 (*Aguiar II*) and 2011 (*Aguiar III*) judgments. The appellate court found that it lacked jurisdiction to consider a post-conviction challenge in *Aguiar II* because the sentence in that case had fully expired. The court further found "[h]owever, [that] the district court may consider Aguiar's petition to be 'asserting a challenge to the current (*Aguiar III*) sentence, as enhanced by an allegedly invalid prior conviction.'" ECF No. 110 at 2 (quoting *Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999) (quoting *Maleng v. Cook*, 490 U.S. 488, 492-93 (1989)) (internal alterations omitted)). With respect to *Aguiar III*, the Circuit Court determined that because Aguiar is seeking to challenge his sentence based on the recently expunged state court convictions, a Section 2255 petition would not be successive. *Id.* The Court

6

of Appeals therefore transferred the matter to this Court for further proceedings.

## Discussion

**I.  Motion to Strike, Revise, Amend, and Conform to the Evidence**

Aguiar's first pending motion (ECF No. 102), as noted above, asks the Court to order the United States Probation Department to draft a new PSR. Aguiar contends that although the government never filed a Section 851 information, the PSR improperly cites Section 851. He also submits that any references to the expunged state court convictions, as well as information related to those convictions, must be removed. His motion explains that these changes to the record will assist the Second Circuit when he appeals this Court's denial of his petition for writ of habeas corpus.

Aguiar does not cite any procedural rule authorizing his motion. The Court has construed his previous motions to amend as requests for reconsideration, but here he is not asking for review of a prior ruling. He is instead requesting a new PSR to update the document that was submitted in 2001. Regardless of the procedural posture, no relief is warranted.

The Court previously considered Aguiar's argument regarding the Section 851 issue and found that his claim was untimely. The

7

Second Circuit affirmed that ruling. The Second Circuit has also made clear that Aguiar's efforts to obtain relief in *Aguiar II* are moot because he has served his both his initial sentence and the term of re-imprisonment on his supervised release violation. ECF Nos. 95, 110. Any request for an adjustment to the 2001 PSR is correspondingly moot. Aguiar's motion to strike, review, amend, and conform to the evidence (ECF No. 102) is therefore denied.

**II. Motion to be Resentenced**

Aguiar's next motion (ECF No. 108) asks that he be resentenced. He submits that he is entitled to relief under 28 U.S.C. § 2255(f)(4), which re-starts the one-year limitations period for habeas corpus petitions on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Aguiar claims that in December 2022 he obtained legal documents proving that he is actually innocent of his 2001 conviction and that his attorney was constitutionally ineffective. He also cites the 2023 state court expungements, and reasserts arguments raised in his previous habeas corpus and coram nobis petitions.

Again, the Court lacks jurisdiction to grant post-conviction relief because Aguiar is no longer "in custody" on his expired sentence. *See Williams*, 195 F.3d at 96. While the

Second Circuit's most recent mandate explained that this Court may consider a Section 2255 petition as "asserting a challenge to a current sentence, as enhanced by an allegedly invalid prior conviction," Aguiar's "current sentence" is not a part of this case. His sentence in the instant case, including his re-incarceration for violating his supervised release, has expired. *See* 18 U.S.C. § 3585(a) (providing that a sentence commences "on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served"). Accordingly, the Court lacks jurisdiction to issue a new sentence, and the motion to be resentenced (ECF No. 108) is denied as moot.

### III. Motion to Appoint Counsel, Amend Sentence, and Release on Bail

Aguiar has also asked the Court to appoint counsel to represent him on his current claims, as well as for the amendment of his sentence and release on bail while the Court considers his pending motions. There is no constitutional right to representation by counsel in habeas corpus proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). When reviewing a request for appointment of counsel, the Court first considers whether petitioner's claims are "likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). The

9

Court will consider other factors only if the movant meets this threshold requirement. *Id.* at 61–62. Here, the Court has no jurisdiction to review Aguiar's claims. His motion for appointment of counsel (ECF No. 109) is therefore denied.[1] Because the Court lacks jurisdiction to review his claims, his requests for amendment of his sentence and for release on bail (ECF No. 109) are also denied.

**IV.  Motion for Recusal**

Aguiar's next motion (ECF No. 111) seeks the Court's recusal. This is his second such motion in this case. In denying the previous motion, the Court noted that a judge is required to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). An objective test applies: the judge must determine "whether an objective, disinterested observer, fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *In Re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008) (alterations and internal quotation marks omitted). A showing of bias or partiality must ordinarily be based on "extrajudicial conduct . . . not conduct which arises

---

[1] In *Aguiar III*, the Court twice appointed attorneys to assist Aguiar with his claims in light of the state court expungements. Both attorneys withdrew from representation.

in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Aguiar's motion focuses on actions taken by the Court in its judicial capacity. Specifically, Aguiar claims the Court improperly involved itself in plea negotiations when meeting with defense counsel and the government's attorney in chambers; signed a wiretap application that lacked certain information; approved defense counsel's hiring of a former Burlington police officer as an investigator; and has acted as the "sole gatekeeper" for each of his civil and criminal cases. ECF No. 111 at 1.

While Aguiar contends that the Court "is using . . . the business of the courts to serve his own interests," he offers no factual support for that allegation. *Id.* Nor has he demonstrated "deep-seated and unequivocal antagonism." *S.E.C. v. Razmilovic*, 738 F.3d 14, 29-30 (2d Cir. 2013). As to his contention that the Court is the "sole gatekeeper" for his claims, Aguiar has filed several appeals to the Second Circuit and continues to have access to that court for appellate review. Because Aguiar's claims center on judicial conduct and offer no facts to support

11

claims of either extrajudicial conduct or bias, his motion to recuse (ECF No. 111) is denied.

## V.   Petition for Writ of Habeas Corpus

Aguiar's most recent filing is a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Like his prior motions for substantive relief, his memorandum begins by citing the TBI he suffered as a child. Aguiar then reasserts previously asserted arguments and claims. He further argues that his state court expungements would have reduced his sentences in both *Aguiar I* and *Aguiar II*, thereby reducing their impact on his sentence in *Aguiar III*.

As set forth above, and as the Second Circuit made clear, this Court lacks jurisdiction to consider a habeas corpus petition since Aguiar is no longer in custody on the *Aguiar II* conviction and sentence. The petition for habeas corpus relief under Section 2255 (ECF No. 112) is therefore denied for lack of jurisdiction.[2]

## Conclusion

For the reasons set forth above, Aguiar's pending motions (ECF Nos. 102, 108, 109, 111, and 112) are denied.

---

[2] Aguiar also challenges his 2001 conviction and sentence in the context of habeas corpus and other filings in *Aguiar III*. The Court will address that challenge in an Opinion and Order filed in *Aguiar III*.

DATED at Burlington, Vermont, this 23rd day of December, 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
U. S. District Court Judge